### *In re* BEDELL.

(*Supreme Court, General Term, Second Department.* May 14, 1888.)

DESCENT AND DISTRIBUTION—PAYMENT OF DISTRIBUTIVE SHARE—PRESUMPTION.

 Where petitioner, as administrator of his father's estate, retained in his own hands funds which should have been divided among the heirs, and subsequently the administrator of the mother's estate refused to pay him his share thereof, the share being less than the sum he had retained, unless he would pay over such sum to the heirs, the heirs of the two estates being identical, and petitioner replied that it would be all right, and he would have to abide by it, the matter having stood thus for nearly 20 years, petitioner cannot recover his share of the mother's estate, as such share must be held to have been paid.

Appeal from surrogate's court, Kings county; JACOB I. BERGEN, Surrogate.

Petition by George C. Bedell for an accounting by William B. Bedell, administrator, etc. From the decree of the surrogate allowing the petitioner his share of the estate in question the administrator appeals.

Argued before BARNARD, P. J., and PRATT, J.

*George A. Mott,* for appellant. *Arthur Vandewater,* for respondent.

BARNARD, P. J. The evidence satisfactorily shows that the petitioner, George C. Bedell, retained in his hands, as administrator of his father's estate, the sum of $500, which of right should have been divided among his brother and sisters. It also satisfactorily appears that William B. Bedell, as administrator of his mother's estate, divided among his brother and sisters $255.60, which was the distributive share of George C. Bedell in his mother's estate. The $500 should have been paid the next of kin in April, 1866, by the petitioner, as administrator of his father's estate. The mother's estate was ready for distribution in March, 1869. The heirs of the two estates were identical. Before the division of the mother's estate by William B. Bedell, the petitioner was asked for the distribution of the $500; and was told that, if he did not divide this sum with the heirs, his share in his mother's estate would not be reckoned in his favor, and he replied that would be all right, and he would have to abide by it. The administrator of Mrs. Bedell, in 1869, did divide the estate of his mother, excluding George C. Bedell. George was well aware of this distribution, and the matter has remained unchanged for nearly 20 years. Upon this evidence I should unhesitatingly find that the petitioner's share in his mother's estate was paid in full in 1869. He consented to the distribution, provided he could retain nearly a double portion which should have come back to the other heirs. The question, therefore, is not one of offset, but of payment, and that can be proved in answer to the petition. Decree reversed, with costs, and a new trial granted.

PRATT, J., (*concurring.*) It is not disputed that petitioner would have a claim to a share in the estate of the intestate were it not for the settlement and compromise of his alleged claim with the former administrator and the other parties interested in the estate. But it is alleged that a compromise was made 18 years ago, by which the petitioner's claim was extinguished, and the whole estate long since paid out to other parties. The referee reports that the claim is thus a disputed one, which the surrogate cannot order to be paid. In this opinion we concur. It follows that the order appealed from should be reversed, with costs.